**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **RONNIE HALTON, ID # 11082665,** )  | |
| Petitioner, ) | |
| vs. ) | No. 3:13-CV-3389-D (BH) |
| ) | |
| **LUPE VALDEZ, Sheriff,** ) | Referred to U.S. Magistrate Judge |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order* 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**I.  BACKGROUND**

Ronnie Halton (Petitioner), an inmate currently incarcerated in the Dallas County Jail, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is Lupe Valdez, Dallas County Sheriff.

On September 10, 2012, Petitioner pled guilty pursuant to a plea agreement to aggravated assault with a deadly weapon in Cause No. F11-62208. The trial court deferred guilt and placed him on five years' community supervision, with the requirement that he serve six months in a Substance Abuse Felony Punishment Facility (SAFPF). (Pet. at 2-3); *see also Halton v. State*, 2012 WL 4876053, No. 05-12-01312-CR (Tex. App.–Oct. 16, 2012, pet. ref'd). He filed a direct appeal that was dismissed for lack of jurisdiction on October 16, 2012, because he had waived his right to appeal in his plea agreement. His petition for discretionary review was refused on June 12, 2013. *See* PD-1568-12. On December 18, 2012, Petitioner filed a previous federal habeas petition challenging this same conviction. It was dismissed without prejudice for failure to exhaust state court remedies because he had not presented his claims to the Texas Court of Criminal Appeals. *See*

*Halton v. Valdez*, No. 3:12-cv-5153-P (N.D. Tex. Feb. 21, 2013). Petitioner has not filed any state writ challenging this case. (*See* Pet. at 3-4; *see also* www.dallascounty.org and www.cca.courts.state.tx.us, search for case name and petitioner).

Petitioner asserts in his federal petition that his guilty plea was involuntary, the prosecution failed to disclose favorable evidence, and trial counsel was ineffective. (Pet. at 6-8).

## II. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. To exhaust in accordance with § 2254, a petitioner must fairly present all claims to the state courts prior to raising them in federal court. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, Petitioner has not fairly presented the claims he raises in his federal petition to the

2

Court of Criminal Appeals. While he did appeal his conviction, it was dismissed for lack of jurisdiction, and his PDR challenging this dismissal was refused by the Court of Criminal Appeals. He has not filed a state application for writ of habeas corpus. The Court of Criminal Appeals has therefore not had an opportunity to review the claims raised in his federal petition. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is not entitled to habeas corpus relief for failure to exhaust his state remedies.

### III.  RECOMMENDATION

The habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**SIGNED this 26th day of August, 2013.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE